**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

```
_____ :
                                    :
GIFFORD THOMPSON,                   :
                                    :   Civil Action No. 11-4202 (JBS)
              Petitioner,           :
                                    :
         v.                         :        O P I N I O N
                                    :
WARDEN DONNA ZICKEFOOSE,            :
                                    :
              Respondent.           :
_____ :
```

**APPEARANCES:**

> GIFFORD THOMPSON, Petitioner <u>Pro</u> <u>Se</u>
> #18189-0160
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey 08640

**SIMANDLE, District Judge**

Petitioner Gifford Thompson, a federal prisoner currently confined at the Federal Correctional Institution Fort Dix in Fort Dix, New Jersey ("FCI Fort Dix"), submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] on or about July

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
      * * *
(c) The writ of habeas corpus shall not extend to a prisoner unless-... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

22, 2011, challenging a prison disciplinary finding that resulted in the loss of good conduct time.  In particular, Petitioner asks that the prohibited act Code 108 violation be changed to a lesser Code 305 violation.  The named respondent (hereinafter, the "Government") is Donna Zickefoose, Warden at FCI Fort Dix, where Petitioner was confined at the time he filed this petition.

Because it appears from a review of the submissions that Petitioner did not attempt to exhaust his administrative remedies before filing this petition, the petition will be dismissed without prejudice accordingly.

## BACKGROUND

Petitioner alleges that on April 8, 2011 he received an incident report for a Code 108 violation, namely a cell phone charge.  On April 25, 2011, Petitioner appeared before the Disciplinary Hearing Officer ("DHO") for a hearing o the incident.  The DHO found Petitioner to have committed the prohibited act Code 108.  Petitioner argues here that the violation should have been charged as a Code 305 violation.  It is plain from the face of the petition that Petitioner did not exhaust his administrative remedies before bringing this action.

## DISCUSSION

A.    Standard of Review

United States Code Title 28, Section 2243 provides in relevant part:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith

2

award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

B.   Exhaustion of Administrative Remedies

As an initial matter, this Court notes that Petitioner did not fully exhaust his administrative remedies before filing this habeas petition. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies.[2]  See, e.g.,

---

[2]  To exhaust administrative remedies before the Federal Bureau of Prisons, a federal inmate seeking review of an aspect of his confinement must first seek to resolve the dispute informally.  See 28 C.F.R. § 542.13.  If the inmate does not receive a favorable termination, he may submit a formal written Administrative Remedy Request for response by the warden of the facility.  See 28 C.F.R. § 542.14.  If the inmate is not satisfied with the warden's response, he may appeal the warden's

Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F. Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959,

---

decision to the Regional Director within 20 days of the date of the decision.  If he is not satisfied with the Regional Director's response, he may submit an appeal of the Regional Director's decision to the Central Office within 30 days of the date of the decision.  See C.F.R. § 542.15.  If these responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.

*2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In Snisky v. Pugh, the petitioner did not deny his failure to exhaust; however, the Court excused exhaustion because the petitioner was scheduled to be released, and his claim was clearly without merit.  See 974 F. Supp. 817, 819 (M.D. Pa. 1997), rev'd on other grounds, 159 F.3d 1353 (3d Cir. 1998).  The court recognized that exhaustion could be excused where it would be futile.  See id.  In Snisky, the court found that the BOP "unequivocally" would deny the petitioner's relief, and he would return to the district court after the denial.  Thus, the court addressed the claims on the merits.

Likewise, in Ferrante v. Bureau of Prisons, the court found that if the petitioner's claim were meritorious, he would be released to a halfway house relatively soon; therefore, dismissing the petition for lack of exhaustion would be futile. See 990 F. Supp. 367, 370 (D.N.J. 1998)(citing Snisky, 974 F. Supp. at 819-20).  Further, the court held that the petitioner's claim was clearly without merit, so that the exhaustion issue need not be reached.  See id.  See also Fraley v. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993)(stating that exhaustion was not required because it was futile, as Regional Director would "almost certainly" have denied request, and term of imprisonment was completed).

Here, Petitioner has not alleged any facts that would permit this Court to find that exhaustion of administrative remedies would have been futile or that exhaustion would have subjected him to "irreparable injury."  Petitioner has not indicated an imminent release date that would make full exhaustion in this case futile.  In fact, it is plain from the face of the petition that Petitioner has not attempted to exhaust his administrative remedies.  In a letter received by the Court on September 12, 2011 (Docket entry no. 2), Petitioner informed the Court that he was having difficulties pursuing his administrative remedies, but he does not explain how he is being hindered from pursuing administrative relief.  Rather, he simply states that on August 3, 2011, court forms, such as an form application for indigent status relative to this matter, were allegedly confiscated from him and withheld.  There is no mention that Petitioner has followed the administrative remedy process before filing this petition.

Therefore, this Petition will be dismissed without prejudice for failure to exhaust administrative remedies.

IV.   <u>CONCLUSION</u>

For the reasons set forth above, this Petition for habeas relief under 28 U.S.C. § 2241 will be dismissed without prejudice for failure to exhaust administrative remedies.  An appropriate order follows.


<u>**  s/ Jerome B. Simandle**</u>
JEROME B. SIMANDLE
United States District Judge


Dated:    **December 22, 2011**